UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| PABLO DIAZ RAMOS, <br> MIGUEL HERNANDEZ <br> ISAAC ROLDAN, and <br> EDUARDO CISNEROS, <br><br> Plaintiffs, <br><br> v. <br><br> CARLOS ERNESTO <br> GUERRERO-GUTIERREZ, <br> DEPLOYED SERVICES, LLC, <br> DEPLOYED RESOURCES, LLC, and <br> DEPLOYED GLOBAL SOLUTIONS, LLC, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Cause No.: 3:24-CV-00449-LS |

## JOINT RULE 26(f) CONFERENCE REPORT
## AND PROPOSED CASE MANAGEMENT PLAN

Pursuant to Federal Rules of Civil Procedure 16(b) and 26(f), Local Rule 16, and the Court's Standing Order on Pretrial Deadlines, counsel for Plaintiffs Pablo Diaz Ramos, Miguel Hernandez, Isaac Roldan, and Eduardo Cisneros (collectively "Plaintiffs"), and counsel for Defendants Deployed Services, LLC, Deployed Resources, LLC, and Deployed Global Solutions, LLC (collectively the "Deployed Defendants") conducted a conference on February 17, 2025, to confer on the matters specified in Rule 26(f) and the Courts Order. At this meeting, counsel for the parties agreed to the pretrial deadlines and case management plan set forth herein.

**Caption of Case:**

> *Pablo Diaz Ramos, Miguel Hernandez, Isaac Roldan, and Eduardo Cisneros v. Carlos Ernesto Guerrero Gutierrez, Deployed Services, LLC, Deployed Resources, LLC, and Deployed Global Solutions, LLC*; Cause No. 3:24-CV-00449-LS.

**Date Petition Filed:**

October 3, 2024.

**Date Petition Served:**

Defendant Deployed Resources, LLC was served on November 18, 2024; Defendant Deployed Global Solutions, LLC was served on November 25, 2024; and Defendant Carlos Ernesto Guerrero-Gutierrez ("Defendant Gutierrez") has not yet been served.

**Date of Defendants' Appearances:**

The Deployed Defendants filed their Answer on December 9, 2024. Defendant Gutierrez has not yet appeared or otherwise filed a responsive pleading.

**Date of Removal:**

December 18, 2024.

## I. Certification

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their respective clients.

## II. Jurisdiction

### A. Subject Matter Jurisdiction

1. Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over actions between citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000.

2. This matter was originally commenced before the 120th Judicial District Court in El Paso County, Texas, Cause No. 2024DCV4582, on October 3, 2024. As part of their Original Petition, Plaintiffs seek monetary relief in an amount over $1,000,000.00. Based on the

amount sought in Plaintiff's Original Petition, this matter was removed to federal court pursuant to 28 U.S.C. § 1332 based on diversity jurisdiction.

3. Plaintiffs are all residents, and therefore, citizens of the State of Texas.

4. Defendant Carlos Ernesto Guerrero-Gutierrez is a foreign national incarcerated at a U.S. Customs and Border Patrol Detention Facility. Accordingly, upon information and belief, Defendant Carlos Ernesto Guerrero-Gutierrez is not a citizen of the State of Texas for purposes of removal.

5. Defendant Deployed Services, LLC, a limited liability company incorporated in the State of Nevada, has four members, namely: (i) Richard Stapleton; (ii) the Richard Stapleton Irrevocable Trust (the "RSIT"); (iii) the Robert Napior Revocable Trust (the "RNRT"); and, (iv) the Robert Napior Irrevocable Trust (the "RNIT"). Richard Stapleton is a citizen of the State of Florida. The trustee of the RSIT is Karen Stapleton, a citizen of the State of Florida. The trustee of the RNRT is Robert Napior, a citizen of the State of Florida. The trustee of the RNIT is Hemenway Trust Company, LLC, a limited liability company incorporated in the State of New Hampshire. Hemenway Trust Company, LLC has nineteen members, all of whom are citizens of the State of Massachusetts, including: (i) M. Bradford Bedingfield; (ii) Teresa A. Belmonte; (iii) Joseph L. Bierwirth, Jr.; (iv) Brian C. Broderick; (v) Dennis R. Delaney; (vi) Nancy E. Dempze; (vii) Mark B. Elefante; (viii) Kevin M. Ellis; (ix) Eleanor A. Evans; (x) Joan G. Flynn; (xi) Nancy B. Gardiner; (xii) Stephen W. Kidder; (xiii) Ryan P. McManus; (xiv) Charles R. Platt; (xv) Michael J. Puzo; (xvi) Johanna W. Schneider; (xvii) John J. Siciliano; (xviii) Kurt F. Somerville; and (xix) Sarah M. Waelchli. As such, none of the members of Defendant Deployed Services, LLC are citizens of the State of Texas for purposes of removal

6. Defendant Deployed Resources, LLC, a limited liability company incorporated in the State of New York, has two members, namely: (i) Richard Stapleton and (ii) the RNRT. As such, none of the members of Defendant Deployed Resources, LLC are citizens of the State of Texas for purposes of removal.

7. Defendant Deployed Global Solutions, LLC, a limited liability company incorporated in the State of Nevada, is wholly owned by Richard Stapleton. As such, none of the members of Defendant Deployed Global Solutions, LLC are citizens of the State of Texas for purposes of removal.

8. Based on the Original Petition, Plaintiffs request an amount over $1,000,000.00. Plaintiffs' claims for damages, therefore, exceed $75,000, exclusive of interest and costs.

9. Because there is complete diversity of citizenship between Plaintiffs and Defendants, the Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).

**B. Personal Jurisdiction**

Personal jurisdiction is not contested in this case.

### III. Brief Description of Case

As the basis for this lawsuit, Plaintiffs allege that, on or about November 27, 2023, as invitees of the Deployed Defendants, Defendant Gutierrez attacked and injured them with a piece of door frame molding he removed from his detention cell. Plaintiffs sued Defendant Gutierrez for assault and Deployed Defendants for premises liability, negligence, and gross negligence.

**A. Claims of Plaintiff**

1. The injuries and damages suffered by Plaintiffs and made the basis of this action arose out of an incident that occurred on or about November 27, 2023, at or around 9:45 p.m. in El Paso County, Texas.

2. At such time and place, Plaintiffs, all agents of the United States Customs and Border Patrol, were on duty working security at the El Paso Sector Central Processing Center located at 12501 Gateway Blvd. South, El Paso, Texas 79934.

3. Upon information and belief, Defendant Gutierrez who was an immigrant housed at the facility was placed in an isolation pod separate from the general population because of his known dangerous propensities. During this time in his isolation pod, Defendant Gutierrez had managed to remove the door frame molding from the inside with his bare hands. At such time and place Defendant Gutierrez had requested a bathroom break which required him to be removed from his isolation pod.

4. Upon information and belief, Plaintiff Diaz, who was working security at the Bravo isolation pods, peaked into Defendant Gutierrez's pod through the viewing window before letting him out for his bathroom break. As Plaintiff Diaz peaked through the window, Defendant Gutierrez hurled the piece of molding, which had nails in it, through the plexiglass viewing window and came millimeters away from striking Plaintiff Diaz directly on the head.

5. Upon information and belief, Plaintiff Diaz requested backup to neutralize the situation. Plaintiffs Hernandez, Roldan and Cisneros rushed to Plaintiff Diaz's aid to assist him in subduing Defendant Gutierrez. Plaintiffs rushed into the isolation pod to detain Defendant Gutierrez and sustained various injuries trying to do so.

6. Upon information and belief, Plaintiff Diaz suffered a laceration on his right thumb from the nails in the molding, headaches from being hit on the head, a resurgence of his PTSD from when he served in the military and other injuries stemming from this incident.

7. Upon information and belief, Plaintiff Roldan was hit on the forearm, right knee,

sustained herniated discs on his neck and back and suffered other injuries as a result of this incident.

8. Upon information and belief, Plaintiff Hernandez was bitten on his right leg by Defendant Gutierrez, now suffers from back pain and developed PTSD from his involvement in this incident, amongst other injuries.

9. Upon information and belief, as a result of this incident Plaintiff Cisneros sustained multiple blows to the left side of his head and body caused by Defendant Gutierrez using the door frame molding with nails to hit him, and suffers from continued pain, dizziness, brain fog and other injuries.

10. Upon information and belief, Defendants Deployed Services, Deployed Resources and Deployed Global Solutions (the "Deployed Defendants") were awarded a government contract to construct the El Paso Central Processing Center.

11. Upon information and belief, the Deployed Defendants had sole control over the design, construction and operation of the El Paso Central Processing Center.

12. Upon information and belief, the Deployed Defendants had sole control over the raw materials used to build the El Paso Central Processing Center.

13. Upon information and belief, the Deployed Defendants used subpar materials during its construction of the El Paso Central Processing Center. The use of these second-rate materials created an unsafe working environment for all individuals, including Plaintiffs, working security at a facility that housed felons and migrants with known dangerous propensities. The use of low-grade construction materials also posed a risk to other passive migrants in the facility that were housed alongside criminals or others with ill-intentions towards others.

14. Upon information and belief, this entire incident could have been prevented if the

Deployed Defendants would have used adequate construction materials to fortify the facility and protect its security personnel who can be overtaken at a moment's notice, given that security personnel are heavily outnumbered by the number of migrants they are tasked to oversee and protect.

**B.      Defenses and Claims of Defendants**

*Defendant Gutierrez:*

Defendant Gutierrez has not yet been served and thus has not appeared or asserted any claims or defenses.

*The Deployed Defendants:*

Defendants are entitled to immunity to suit and/or liability as federal, government, and/or military defense contractors. Plaintiffs' state law claims are barred by federal preemption.

Defendants did not owe or otherwise breach any duty of care to Plaintiffs.  Plaintiffs were not invitees. Plaintiffs were not on the premises for the mutual benefit of Plaintiffs and Defendants.  Defendants had no duty to inspect the premises, warn Plaintiffs of any condition on the premises, or make the premises reasonably safe.  Defendants did not know or should have known of any condition on the premises that posed an unreasonable risk of harm to Plaintiffs. The condition on the premises was open and obvious, such that a reasonable person would have noticed and avoided the condition.

Plaintiffs' alleged injuries, if any, resulted from a contemporaneous negligent activity from a third party rather than a condition on the premises.  Plaintiffs' alleged injuries, if any, were due to their employer providing them unsuitable instrumentalities or failure to provide them the instrumentalities necessary to avoid injury in the workplace.

Plaintiffs' claims are barred because they were allegedly injured during the course of performing tasks related to their employment and the inherent risk of injury was one that

7

Plaintiffs could reasonably anticipate would arise in the dangerous situations that Plaintiffs' employment typically required them to encounter as part of their duties. Plaintiffs knew or should have known of the possibility of imminent criminal conduct by a third party and foresaw the risk of harm prior to any alleged injury.

The criminal activity of a third party was a superseding or intervening cause that extinguished any liability to Defendants who had no legal duty to protect Plaintiffs from the criminal acts of another. Plaintiffs' damages and injuries, if any, were caused, in whole or in part, by independent, contributing, superseding, and/or intervening causes, factors, injuries, disabilities, conditions, and conduct unrelated to any actions of Defendants.

Plaintiffs' damages and injuries, if any, were caused, in whole or in part, by an unavoidable accident. Plaintiffs' damages and injuries, if any, were caused, in whole or in part, by a sudden emergency. The incident of which Plaintiffs complain of was proximately caused by Plaintiffs' sole contributory or comparative negligence and carelessness. Plaintiffs assumed the risk of injury and proximately caused their damages. Plaintiffs' damages and injuries, if any, were proximately caused by a commonly known hazard or a hazard already appreciated by Plaintiffs. Plaintiffs' damages and injuries, if any, were not reasonably foreseeable.

With respect to the injuries and damages claimed by Plaintiffs, Defendants contend that Plaintiffs suffered from conditions, illnesses, and injuries which existed before the accident or have developed subsequent to this incident for which Defendants are not liable.

Defendants assert the applicable statutory caps on damages for any and all claims raised by Plaintiffs. To the extent that Plaintiffs have failed to mitigate their damages, then any claim for damages is barred or limited. Pursuant to section 41.0105 of the Texas Civil Practice and Remedies Code, Plaintiffs' medical or healthcare expenses, if any, are limited to those expenses actually incurred or paid by or on behalf of Plaintiffs. Pursuant to chapter 33 of the Texas Civil

Practice and Remedies Code, Defendants are entitled to an offset, credit, or percentage reduction based upon a determination of fault of all persons and tortfeasors, including Plaintiffs, co-Defendants, and any other third party.

There are no counterclaims in this cause.

## IV. Statement of Undisputed Facts

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. At this stage in the case, without the benefit of discovery, the parties are not yet able to agree on any undisputed facts.

## V. Case Management Plan

### A. Standing Order on Pretrial Deadlines

1. The parties do not request modifications of the deadlines in the Standing Order on Pretrial Deadlines.

2. The parties jointly propose the following pretrial deadlines.

| Pretrial Matter | Deadline |
| --- | --- |
| Initial Disclosures | Within 14 days of the filing of this report |
| Deadline to Move for Leave to Join Other Parties | May 19, 2025 |
| Deadline to Move to Amend Pleadings | May 19, 2025 |
| Deadline for Discovery | October 16, 2025 |
| Deadline to Designate Experts by party asserting claims or relief | August 17, 2025 |
| Deadline to Designate Experts by party resisting claims or relief | September 16, 2025 |
| Deadline for Dispositive Motions and any other motions that may require a hearing (including *Daubert* motions) | November 15, 2025 |
| Joint Pretrial Order and Motions in Limine | January 15, 2025 |

| Proposed Trial Date | February 14, 2026 |
|---|---|

**B.     Scheduling Conference With the Court**

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

**C.     Early Settlement Conference**

The parties have not engaged in preliminary settlement negotiations.  The parties agree that mediation would be an appropriate form of alternative dispute resolution, and that such mediation should be attempted after the close of discovery.

**D.     Scheduling Order**

Pursuant to Rule 16, Federal Rules of Civil Procedure, the Court issues the following Scheduling Order:

1. A report on alternative dispute resolution in compliance with Rule CV-88 shall be filed by May 19, 2025.

2. The parties asserting claims for relief shall submit a written offer of settlement to opposing parties by May 19, 2025, and each opposing party shall respond, in writing, by June 2, 2025.

3. The parties shall file all motions to amend or supplement pleadings or to join additional parties by May 19, 2025.

4. All parties asserting claims for relief shall file their designation of testifying experts and shall serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) by August 17, 2025.  Parties resisting claims for relief shall file their designation of testifying experts and shall serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) by September 16, 2025.  All designations of rebuttal experts shall be filed within 14 days of receipt of the report of the opposing expert.

5. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, not later than 30 days of receipt of the written report of the expert's proposed testimony, or not later than 15 days of the expert's deposition, if a deposition is taken, whichever is later.

6. The parties shall complete all discovery on or before October 16, 2025. Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

7. All dispositive motions as defined in Rule CV-7(c) shall be filed no later than November 15, 2025.

8. This case is set for trial, jury selection on February 14, 2026 at \_\_\_\_ a.m/p.m. The parties should consult Rule CV-16 regarding matters to be filed in advance of trial.

**E.    Discovery**

1. The parties anticipate that discovery will be needed on the following subjects, among others: The factual basis for Plaintiff's claims and the factual basis for the defenses asserted by Defendants. Additional discovery on issues requiring expert testimony may be required for issues related to Plaintiff's injuries. Additional discovery on issues regarding how the facility was buily and specifically the area where the incident happened may require expert testimony.

2. All fact discovery will be commenced by February 18, 2025, and completed (not propounded) by October 16, 2025. All expert discovery (and fact discovery on fact issues raised for the first time in expert reports), including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), assuming any exist, will be completed by October 16, 2025.

3. Discovery will not be conducted in phases.

4. Discovery will be completed by October 16, 2025.

5. The parties anticipate that they will each need between two and five depositions of fact witnesses in this case. The fact depositions will commence in time to be completed on or about October 16, 2025.

6. At this juncture, the parties do not anticipate requesting permission to serve more than 25 interrogatories.

7. The parties have not decided whether they will call expert witnesses at trial. However, they will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to the deadlines set forth above.

8. A damages analysis will be provided by any party who has a claim or counterclaim for damages by October 16, 2025.

## VI. Trial Readiness

This case will be ready for trial by February 14, 2025. The parties believe that the trial of this case can be completed in approximately 5-7 days. Plaintiffs requested a jury trial in their Original Petition. The Deployed Defendants do not consent to using a United States Magistrate Judge in this case.

## VII. Conclusion

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy, and inexpensive determination of this action.

Jointly submitted,

**S**COTT**H**ULSE^PC
One San Jacinto Plaza
201 E. Main Drive, Suite 1100
El Paso, Texas 79901
(915) 533-2493
(915) 546-8333 Telecopier

By: */s/ Francisco J. Ortega*
**FRANCISCO J. ORTEGA**
State Bar No. 24060365
fort@scotthulse.com
Attorneys for Defendants Deployed Services, LLC, Deployed Resources, LLC, and Deployed Global Solutions, LLC

AND

**M**ENDEZ **I**SAAC **J**OUDI**, PLLC**
320 Texas Avenue, Suite 300
El Paso, Texas 79901
(915) 444-1000
(915) 209-7200 (Fax)

By: */s/ Tiffany N. Joudi*
**TIFFANY N. JOUDI**
State Bar No. 24065479

## CERTIFICATE OF SERVICE

On February 18, 2025, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Francisco J. Ortega*
**FRANCISCO J. ORTEGA**